IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

VICTOR PIECHOCKI                    :

                                    :

    v.                              :   Civil Action No. DKC 18-2087

                                    :

AMERICAN BRIDGE COMPANY             :

                                    :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this disability discrimination case is a partial motion to dismiss filed by Defendant American Bridge Company.  (ECF No. 31).  The issues have been briefed, and the court now rules, no hearing being deemed necessary.  Local Rule 105.6.  For the following reasons, the partial motion to dismiss will be granted.

Plaintiff Victor Piechocki filed a complaint on July 9, 2018, alleging that Defendant discriminated against him on the basis of his disability, in violation of the Americans with Disabilities Act, when Defendant refused to allow him to work after he disclosed that he had epilepsy.  (ECF No. 1).  Plaintiff's complaint also included claims of defamation, intentional infliction of emotional distress, and false imprisonment.  As relevant to this opinion, Plaintiff's defamation claim was based on Defendant allegedly "reporting false criminal allegations to the FBI in order to

distort facts [and] hav[ing] [him] arrested to prevent the lawsuit." (ECF No. 1 at 8).

Defendant filed a motion to strike and partial motion to dismiss. (ECF No. 13). The court denied the request to strike but granted the partial motion to dismiss. (ECF Nos. 24, 25). Specifically, the court dismissed Plaintiff's claims for intentional infliction of emotional distress and false imprisonment with prejudice and dismissed Plaintiff's defamation claim without prejudice. In doing so, the court stated that Plaintiff would "be permitted to file an amended complaint within thirty (30) days to include factual support for the claim of defamation." (ECF No. 24 at 11-12). The court cautioned that the "amended complaint must specify the content of the Defendant's alleged defamatory statement" and that Plaintiff would not "be permitted to assert new claims or allege facts outside the scope of the defamation claim he attempted to raise initially." (ECF No. 24 at 12).

Plaintiff filed an amended complaint, wherein he states that he "wishes to withdraw[] his original claim of defamation of character and slander accusation concerning the defendant contacting and making slanderous remarks about the plaintiff to law enforcement." (ECF No. 30 at 1). However, he goes on to describe his remaining claims as follows: "That American Bridge (ABC) did in fact subject the plaintiff to a discriminatory work

environment and retaliated against him with unnecessary restrictions and by do[ing] so committed the tort of defamation (libel + slander) which [a]ffected and interfered with the plaintiff's duties as an ironworker." (ECF No. 30 at 1). The only other context he provides for the defamation claim in the amended complaint is that he "was harassed and dismissed from his position as an ironworker[,] and this dismissal was based off of slanderous and libelous remarks which resulted in discriminatory treatment on the basis of his disability." (ECF No. 30 at 4).

Defendant filed another partial motion to dismiss, arguing that the new defamation and retaliation claims in Plaintiff's amended complaint should be dismissed for failing to allege sufficient facts to make out those causes of action and failing to comply with the court's prior opinion and order, among other arguments. (ECF No. 31 at 5-6). Plaintiff filed a response, clarifying that "[r]etaliation is not a claim[;] it is being used to describe how the discrimination began, by imposing the unnecessary restrictions and then dismissing the plaintiff based off those restrictions." (ECF No. 33 at 5). He also seems to clarify that his defamation claim is based on Defendant's statement "to the EEOC" that Plaintiff "cause[d] an undue hardship and was dangerous." (ECF No. 33 at 5).

Defendant requests that the court exercise its discretion to strike Plaintiff's response because it was filed after the deadline

set by the court.   (ECF No. 34 at 1).   The court declines to do so.   However, it is well-established that parties cannot amend their complaints through oppositions to motions to dismiss.   *S. Walk at Broadlands Homeowner's Ass'n v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 184 (4th Cir. 2013).   Therefore, Plaintiff is "bound by the allegations contained in [the amended] complaint." *Zachair, Ltd. v. Driggs*, 965 F.Supp. 741, 748 n.4 (D.Md. 1997), *aff'd*, 141 F.3d 1162 (4th Cir. 1998).

The amended complaint does not "specify the content of the Defendant's alleged defamatory statement," despite the court's admonition in its prior opinion that it needed to do so.   (ECF No. 24 at 12).   Even if the amended complaint had specified that the content of the statement was that Plaintiff "cause[d] an undue hardship and was dangerous," as Plaintiff's response to the motion to dismiss suggests, such a statement would fall outside the scope of the permission Plaintiff received to amend the complaint.   The court clearly stated that Plaintiff would not "be permitted to assert new claims or allege facts outside the scope of the defamation claim he attempted to raise initially."   Plaintiff has explicitly abandoned the defamation claim he attempted to raise initially, which involved alleged statements Defendant made to the FBI, whereas this new claim involves different alleged statements

to the EEOC.  Thus, Plaintiff's defamation claim will be dismissed with prejudice.[1]

    For the foregoing reasons, Defendant's motion to dismiss will be granted.  A separate order will follow.

/s/
_____
DEBORAH K. CHASANOW
United States District Judge

---

[1] Plaintiff has clarified that he does not intend to pursue a retaliation claim, but to the extent the amended complaint contains one, it will also be dismissed.